IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kelly Conard, | : CIVIL ACTION |
|     Plaintiff | : |
| | : No. CV-15-351 |
| v. | : |
| | : |
| | : |
| Pennsylvania State Police | |
| Human Resources | |
| Sgt. Joseph Tripp and | |
| Sgt. Dennis Hile | : |
|     Defendants | : Jury Trial Demanded |

FILED
SCRANTON

FEB 1 8 2015

Per_____
DEPUTY CLERK

### COMPLAINT

    AND NOW, comes the Plaintiff, Kelly Conard, and, in support of her complaint against the defendants, avers as follows:

    1.    The Plaintiff, Kelly Conard, is an adult individual who currently resides in the state of Pennsylvania.

    2.    The Defendant, Pennsylvania State Police is the former employer of Plaintiff, and an agency of the commonwealth of Pennsylvania.

    3.    The Defendants, Joseph Tripp and Dennis Hile are adult individuals, and at all times relevant hereto, and currently are, employed by the Defendant PSP, and was, at relevant times, a supervisor of the Plaintiff.

    4.    The Defendant PSP Human Resources is a division of the PSP.

    5.    This action is brought pursuant to 42 U.S.C. 1983, and under the Pennsylvania state law for defamation, and jurisdiction in this court is proper pursuant to 28 U.S.C. 1331, 1343, and 1367.

6. Plaintiff was employed as a PSP Police Communications Operator (PCO) from 1985- 2002

7. In 2002, Plaintiff left her employment, under a voluntary retirement, when her husband was deployed to active military duty. Plaintiff's husband was able to take a leave of absence without pay, but with benefits and a stipend from the PSP, but that option was not available to Plaintiff as a civilian employee in light of her 17 ½ year career.

8. Until that time, Plaintiff had received all commendable and outstanding personnel evaluations. Her direct line supervisors were at that time Defendants Tripp (a Corporal) and Hile (a Sergeant). Defendants Tripp and Hile were the supervisors that not only conducted the yearly evaluations but signed them.
Defendant PSP Human Resource's never supervised plaintiff

9. Plaintiff did have some employment-related issues concerning interactions with Defendants Tripp and Hile wherein she was treated unfairly by them. Plaintiff had several other commanders in her 17 ½ year career and never had any employment related issues.

10. Plaintiff once had gone over Defendant Hile's head, and reported to his supervisor an incident involving 2 troopers under gunfire, which she reported to Hile, and he refused to take appropriate action for the troopers under fire. Hile's refusal to take appropriate actions could have resulted in death of his own troopers. Plaintiff was commended by Hile's supervisor for taking appropriate action and in contacting him as it probably saved a life. Plaintiff's necessary action to prevent a possible tragedy was not in her job descriptions. The defendant Hile was responsible for giving permission to plaintiff in order for extra help to be called. Plaintiff broke the chain of command by going over defendant Hile's head and for doing so plaintiff probably saved a life.

11. Defendant Tripp, who was only in Plaintiff's chain-of-command for a short period time as he had just recently promoted to the rank of corporal. Defendant Tripp had several years less experience than plaintiff working for the PSP. For unknown reasons and/or an undisclosed vendetta, Tripp picked on Plaintiff for a variety of unfounded issues despite her 17 ½ year career in which Plaintiff never had any negative findings from any other supervisor.

12. At one point January 18, 1999, Plaintiff was in a car accident on her way to work that required medical treatment. She immediately called the station and took a personal leave day. Defendant Tripp called her at home approximately 3 to 4 hours later and advised plaintiff he would not approve a personal day. Plaintiff who had sustained injury as a result of the accident advised defendant Tripp she would be taking a sick day then.

13, Defendant Tripp demanded a doctor's note upon plaintiff's return. Plaintiff supplied a doctor's note but defendant Tripp tried to place plaintiff on sick leave restriction. All leave was denied for plaintiff. Tripp violated the Pennsylvania State Police Administration Regulation but also against her union contract.

14. When Plaintiff took her voluntary retirement in 2002, she had a leave balance and the PSP owed plaintiff thousands for unused leave as plaintiff had worked many hours of overtime, and was relied upon and called upon frequently and regularly because of her reliability.

15. There was never any formal action taken against Plaintiff on the leave issue, and it was never remarked on any of her employment evaluations that she needed improvement or was unsatisfactory in this area.

16. In advance of her husband's return to the PSP in or around 2004, Plaintiff contacted PSP Human Resources to request her reinstatement, as well, and to inquire into availability of PCO positions at the consolidated dispatch center in Harrisburg, Pa.

17. Plaintiff re-applied in 2005 and was told by human resources that she would be reinstated upon her return.

18. Plaintiff was led to believe that she would be re-employed, and had all-but been told when to start her position in early March 2005. She had a successful interview and was even advised that she had already had most of the training and that all she needed was to be trained on the new system.

19. The commander had even discussed the terms of plaintiff's employment, and other supervisory positions that were available which she was clearly eligible for, all because of the 17 ½ years of experience, commendable and outstanding history she had, and her competence and commitment to the PSP.

20. During the placement process and investigation, Defendants Tripp and Hile were contacted and told that Plaintiff had reapplied. Human Resources then allowed another trooper under Defendant Hile's supervision to conduct plaintiff's final background check. Plaintiff had already been through a background check in 1985. Plaintiffs application in 1985 was hand carried to the Governor by then Mayor of Williamsport, PA. It was a conflict of interest for the person performing the background check to be in the same line of command as the persons directing the background check and clearly unfair and not normal procedures of the department to allow such.

21. It was during this check, for the first time, that Plaintiff was told that she would not be reinstated because Tripp and Hile had informed the investigator that Plaintiff had a history of sick leave abuse, despite the fact that Tripp and Hile had given her signed commendable and outstanding performance evaluations in all areas including leave.

22. Plaintiff's husband was not reinvestigated after being separated from the department for over 2 years.

23. Plaintiff had a demonstrated history of committed service, and had left with accumulated leave in 2002 in which thousands were owed and never other than the one incident where she was denied leave for the car accident had any sick leave issues. No documented investigation was ever conducted on plaintiff.

24. Plaintiff made a charge of discrimination to the Pennsylvania Human Relations Commission, and to the Equal Employment Opportunity Commission, alleging discrimination because of her gender.

25. After not resolving her administrative charges through the PHRC/EEOC, Plaintiff filed a federal civil rights lawsuit in the Middle District of Pennsylvania on July 24, 2006, and docketed to 4:06-CV-1450.

26. Plaintiff at different times since the refusal of reinstatement with the Pennsylvania State Police has attempted to gain employment but has not been able to do so even with 17 ½ years' experience.

27. Plaintiff has applied for entry level retail and customer service positions and also applied to Risk Tech a well diverse multi- million dollar company located in Mt Pleasant, SC; a commissioned based position with a reputable company who has been in business for 25 plus years and now suffers from the loss of income of hundreds of thousands if not millions of dollars.

28. It is not possible for plaintiff to obtain employment in the same capacity as her life long career with the Pennsylvania State Police due to the negative, false, and defamatory

endorsements made by the defendants to the potential employers that have conducted references themselves.

29. Plaintiff has been told by several potential employers that defendants advised them that plaintiff had attendance issues, absence issues and had filed a law suit against them and that plaintiff was not eligible to return to PSP.

30. Plaintiff will have attorney in Pennsylvania enter on her behalf.

31. Plaintiff retired from the PSP with commendable and outstanding evaluations done by PSP Commonwealth of Pennsylvania not to mention a meritorious award. Plaintiff retired from her 17 ½ year career only because her husband was called to an extended military commitment, in which the whole family was uprooted to serve their county.

32. Plaintiff recently hired a professional employment service to assist her in obtaining background checks. Plaintiff was advised by that reference company that the Defendant Human Resources has defamed and gave negative endorsements in all references and has not been consistent.

33. The professional employment service had contacted the PSP several times to do employment-related inquiries, and has been told that Plaintiff was not be eligible for re-hire at the PSP because of her sick leave abuse issues; absence issues in that they would not recommend her for employment. The professional reference company has also advised plaintiff of the numerous inconsistencies they received when conducting reference checks. Plaintiff did in fact retire and because of not using her sick and annual leave the PSP had to pay her thousands for unused leave.

34. Plaintiff at one point contacted US Senator Arlen Specter and her State Representative Steven Cappelli for assistance in this matter. Both Specter and Cappelli reviewed

the plaintiff's proof that refuted what defendants were telling everyone. Both Spector and Cappelli had written a letter to the PSP about the struggle plaintiff was having. Stated in both of their letters was the fact that what defendants have told others as alleged herein is false.

### COUNT ONE

35. Paragraphs 1 through 37 are incorporated herein by reference in their entirety.

36. The statements by Tripp and the PSP Human Resource Division as set forth above, were knowingly false, and were made with the specific intention to hurt and harm Plaintiff in retaliation for her filing the prior federal civil rights lawsuit against them.

37. The actions and conduct of all the Defendants constitutes retaliation against the Plaintiff for the protected exercise of her First Amendment rights in filing the 2006 lawsuit against the Defendants. It additionally constitutes a violation of the law of defamation under both Pennsylvania and South Carolina law.

38. As a direct and proximate result of the conduct of these Defendants as aforesaid, Plaintiff has lost employment opportunities, and has suffered embarrassment, humiliation, inconvenience, and emotional suffering and distress.

39. The conduct of the Defendants was done deliberately to hurt and harm the Plaintiff, with the specific intent to deprive her of income and employment opportunities, and was all done to retaliate against her for her prior protected activities, all of which is outrageous, and justifies an award of punitive damages.

Had plaintiff used other supervisors and/or commanders in her re-application/reinstatement to the PSP the outcome would have resulted in reinstatement/rehire. Plaintiff in her 17 ½ year career had numerous supervisors and commanders that supervised her longer than the defendants in this case. Plaintiff's knowledge in the PSP Administrative and Field Regulations shows the

intent of the defendants to intentionally harm plaintiff in that allowing a new trooper under the defendants to conduct a background on plaintiff; this is not normal protocol in the PSP.

WHEREFORE Plaintiff demands judgment in her favor, and against the Defendants for compensatory damages in an un-liquidated amount, and for punitive damages, together with costs, attorney's fees, and such further relief as is just.

Respectfully submitted

*Kelly L Conard*    2-17-2015

Kelly L Conard
SUIJURIS

DATE: February 17, 2015

TO: UNITED STATES DISRICT COURT FOR THE MIDDLE DISTRICT OF PA

FROM: Kelly L. Conard

Enclosed is my complaint I am filing along with a money order in the amount of $400.00 along with 4 copies of the signed complaint. I also have enclosed a self-addressed stamped envelope for a return copy of my stamped/received complaint. Please mail my copy to:

Kelly Conard
8421 Dorchester Rd
STE 109/104
North Charleston, SC  29420

If you should have any questions please contact me at 843-437-6460. Thank you for your time and consideration.

Respectfully,

*Kelly L. Conard*   2-17-2015

Kelly L. Conard