IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELLY CONARD,** | Civil No. 1:15-cv-0351 |
| **Plaintiff,** | |
| v. | |
| **PENNSYLVANIA STATE POLICE, et al.,** | Judge Rambo |
| | Magistrate Judge Carlson |
| **Defendants.** | |

## **M E M O R A N D U M**

Before the court is a report and recommendation (Doc. 27) filed by the magistrate judge in which he recommends that Defendants' motion to dismiss be granted, but that Plaintiff be directed to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). On May 2, 2016, Plaintiff Kelly Conard ("Conard") filed objections to the report and recommendation (Docs. 28 & 29), to which Defendants responded on May 9, 2016 (Doc. 30). On May 20, 2016, Conard filed a reply brief in support of her objections. (Doc. 31.) Thus, the motion is ripe for disposition.

**I.      Background**

Conard was an employee of the Pennsylvania State Police from 1985 to 2002. In 2006, she sued the Pennsylvania State Police and two state police officials, Dennis Hile and Joseph Tripp, alleging gender discrimination, retaliation for the exercise of her First Amendment rights, and denial of equal protection of the laws. (*See* Civil No. 4:06-cv-1450.) The district court dismissed that action,

and the dismissal was affirmed by the United States Court of Appeals for the Third Circuit in January, 2010. *Conard v. Pa. State Police*, 360 F. App'x 337 (3d Cir. 2010).

The instant complaint was filed on February 18, 2015, and amended on August 31, 2015. The complaint raises allegations of retaliation, discrimination, libel, and other claims previously raised in Conard's prior suit. The claim of retaliation is based on Defendants allegedly providing negative employment references to Conard's potential employers, causing Conard to be unable to obtain employment.

On September 14, 2015, Defendants filed a motion to dismiss. (Doc. 14.) On October 23, 2015, Conard filed a brief in opposition, which contained new factual averments not presented in the amended complaint, and a declaration in support thereof. (Docs. 18 & 19.) Defendants filed a motion to strike Conard's brief and declaration on November 9, 2015. (Doc. 23.)

In his report and recommendation, the magistrate judge opined that, because Conard's filing "conflates past and present claims, advances meritless or time-barred claims and names improper party-defendants," Plaintiff should be required to file an amended complaint providing a more definite statement. (Doc. 27, p. 3.) The magistrate judge also recommended that the motion to strike be denied.

**II.     Discussion**

In her objection to the magistrate judge's report and recommendation, Conard states that she "primarily objects to the recommendation of Magistrate Carlson that her First Amendment retaliation [claim] be dismissed." (Doc. 29, p. 1.) Conard does not object to the magistrate judge's ruling on the Eleventh Amendment immunity holding. This holding addresses the defamation claim which is a state-law intentional tort claim and is covered by the Eleventh Amendment. Nor does Conard take issue with the magistrate judge's rulings on issues covered by collateral estoppel, *res judicata*, or statute of limitations.

Conard claims the magistrate judge did not address her equal protection claim. However, that claim was addressed in her first case, *Conard v. Pa. State Police*, *et al.*, Civ. No. 4:06-cv-0145, 2009 WL 473859, *5 (M.D. Pa. Feb. 25, 2009). The district court dismissed that claim and, as noted above, the Court of Appeals for the Third Circuit affirmed. Therefore, the magistrate judge covered this claim by his discussion that the claim was subject to *res judicata* or collateral estoppel.

Conard's current retaliation claim is based on the allegation that Defendants gave negative references to potential employers based on her prior litigation and because of that she lost employment opportunities. Conard claims

that the negative references began at some undisclosed time and continued to 2014, and that these references were in retaliation for her 2006 lawsuit.

The magistrate judge concluded that the time between the purportedly protected conduct in 2006 and the alleged adverse actions, *i.e.*, the negative references, was too wide to factually allege a First Amendment retaliation claim. Furthermore, this court notes that the district court in Conard's 2006 suit found that the retaliation claim failed to state a cause of action because the speech that was involved did not pertain to a matter of public concern and Conard did not speak as a public citizen – two of the necessary elements of a First Amendment retaliation claim. Furthermore, Defendants cite to *Chinoy v. Pennsylvania State University*, 2013 WL 6631536, *9 (M.D. Pa. Dec. 17, 2013), which rejected a retaliation claim, noting that negative references are not adverse employment actions. (Doc. 30, p. 4 n.3.) Conard has failed to state a claim for retaliation.

**III.     Conclusion**

After consideration of the filings in this case, including Plaintiff's objections to the report and recommendation which clarifies her claims in the amended complaint, this court will adopt the report and recommendation in part and reject the report and recommendation in part.

An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: May 24, 2016