IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELLY CONARD,** | : Civil No. 1:15-cv-0351 |
| **Plaintiff,** | : |
| v. | : |
| | : **Judge Rambo** |
| **PENNSYLVANIA STATE POLICE,** | : |
| et al., | : **Magistrate Judge Carlson** |
| **Defendants.** | : |

## **M E M O R A N D U M**

Before the court is a motion for reconsideration (Doc. 34) of this court's memorandum and order adopting in part and rejecting in part a report and recommendation filed by the magistrate judge (Doc. 27). By order dated May 24, 2016 (Doc. 33), this court dismissed the captioned action with prejudice.

## **I.    Background**

In 2006, Conard filed suit against the same defendants named in the instant action wherein she alleged acts of discrimination, retaliation, and denial of equal protection. *See Conard v. Pennsylvania State Police, et al.*, Civ. No. 4:06-cv-1450. The case was dismissed by the district court and that decision was affirmed by the United States Court of Appeals for the Third Circuit. *Conard v. Pennsylvania State Police*, 360 F. App'x 337 (3d Cir. 2010).

The instant complaint was filed on February 18, 2015 and amended on August 31, 2015. (Doc. 12.) The amended complaint alleged discrimination, equal

protection violations, retaliation, and libel – claims raised by Conard in her previous suit.

## II. Legal Standard

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or to argue new facts or issues that were not presented to the

court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III.   Discussion

Conard claims this court erred as a matter of law in dismissing her equal protection claim and First Amendment retaliation claim. The court will address each matter in turn.

#### A. Equal Protection Claim

Conard claims that the magistrate judge failed to address her equal protection claim and that this court likewise failed to address it. However, both the magistrate judge and this court adequately addressed this issue. The magistrate judge covered this claim in his discussion that the claim was subject to dismissal pursuant to a statute of limitation issue, res judicata, and/or collateral estoppel. (Doc. 27, pp. 13-16; Doc. 32, p. 3.)

In her previous suit, the court found that Conard's assertion of an equal protection violation under the class-of-one theory is not applicable in the public employment context. *See Conard v. Pennsylvania State Police*, Civ. No. 4:06-cv-1450, 2009 WL 473859, *5 (M.D. Pa. Feb. 25, 2009).

This issue has therefore been thoroughly addressed in the report and recommendation and by this court.

**B. Retaliation Claim**

Conard's claim of retaliation is based on her allegation that Defendants provided negative employment references to Conard's potential employers, causing her to be unable to obtain employment. These negative references allegedly began at some undisclosed time and continued to 2014. Conard claims that these new actions by Defendants were taken well after her employment with the Pennsylvania State Police ended and have no relation to the claims presented in her 2006 lawsuit.

However, Conard's amended complaint belies this position. The complaint, in part, reads as follows:

> 46. The statements by Tripp and the PSP Human Resource Division as set forth above, were knowingly false, and were made with the specific intention to hurt and harm Plaintiff in retaliation for her filing the prior federal civil rights lawsuit against them.
>
> 47. The actions and conduct of all the Defendants constitutes retaliation against the Plaintiff for the protected exercise of her First Amendment rights in filing the 2006 lawsuit against the Defendants, and is a continuation of the same discrimination against her as was involved in her prior lawsuit, in violation of her right to equal protection of the laws. It additionally constitutes a violation of the law of defamation under both Pennsylvania and South Carolina law.

>48.  As a direct and proximate result of the conduct of these Defendants as aforesaid, Plaintiff has lost employment opportunities, and has suffered embarrassment, humiliation, inconvenience, health issues and emotional suffering and distress.
>
>49.  The conduct of the Defendants was done deliberately to hurt and harm the Plaintiff, with the specific intent to deprive her of income and employment opportunities, and was all done to retaliate against her for her prior protected activities, all of which is outrageous, and justifies an award of punitive damages.

(Doc. 12, ¶¶ 46-49.)

Thus these negative references are alleged by Conard to be in retaliation for filing her initial lawsuit. The magistrate judge opined that the temporal proximity between the alleged protected activity (lawsuit) and the alleged adverse action (adverse references) was too remote to establish a constitutional retaliation claim. (Doc. 27, pp. 17-22.)[1]

---

[1] Conard's claim is similar to a claim for interference with a contractual relationship. The Restatement (Second) of Torts, Section 772(a) reads:

> One who intentionally causes a third person not to perform a contract or not to enter into a prospective contractual relation with another does not interfere improperly with the other's contractual relation, by giving the third person

(a) Truthful information.

The fact that Defendants have advised prospective employers that Conard filed a suit against them is a truthful fact.

5

## IV.     <u>Conclusion</u>

Conard has failed to meet the requirements of Rule 59(e), in particular a "clear error of law," and therefore the motion will be denied.

 s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: July 12, 2016