## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLY CONARD,

        Plaintiff

     v.

COMMONWEALTH OF PENNSYLVANIA
PENNSYLVANIA STATE POLICE,
JOSEPH TRIPP, DENNIS HILE,
JOHN/JANE DOE

        Defendant

Honorable Judge Sylvia H. Rambo

**FILED
WILLIAMSPORT**

JAN 0 5 2023

PER_____NR_____
     DEPUTY CLERK

## MOTION TO REOPEN CASE
## No.  1:15-CV-00351

And now this 5th day of January 2023 comes Kelly Conard a Pro Se litigant who is respectfully asking this honorable court, pursuant to Federal Rule of Civil Procedure 60 (b) to reopen above stated case.  The Judgement of the US Court was January 6, 2022 and the mandate was January 28, 2022.

During discovery at the request of Plaintiff's counsel to have the Defendants produce their entire Pennsylvania State Police (PSP) personnel employment file/record along with Plaintiff's.   The PSP Defendants did not comply and withheld a known  investigation(s) that was done on Defendant Tripp.  This substantial material (investigations) would have provided a clear and true picture

of Defendant Tripp who has manipulated this court by not producing his PSP disciplinary records. This too would also apply to those Defendants from PSP Human Resources who conspired with Defendant Tripp and possibly withheld information from this court too.

This court had put a great deal of weight on the truthfulness of Defendant Tripp. Defendant Tripp has undermined his credibility by not disclosing his disciplinary records/history with the PSP and as a result Defendant Tripp has shown disrespect to this court. As a result of this, Plaintiff a female civilian with a 17 plus year exemplary record with PSP who served this Commonwealth has suffered greatly for years.

There is no possible way that anyone including this court could have known about these investigation(s). The only individual's privy to this information are the internal employees/investigator and the individuals themselves that are directly involved as it is not public information. Counsel and or Plaintiff could not have detected the discovery abuse.

Plaintiff has learned firsthand from the individual, an upstanding citizen with a sterling reputation in serving Lycoming County. This individual was directly involved in the incident as Defendant Tripp criminally solicited him into signing off a hand gun that legally belonged to this individuals Father (they had the same name). This individual thought that Defendant Tripp had the authority as a police officer to transact the hand gun transfer.

When the Father, actual owner of the gun who also had a sterling reputation and was an employee of the PSP for 25 years learned what Defendant Tripp did he called in a compliant on Defendant Tripp to the PSP as the Father knew the transaction was not legal and the Father was not contacted.

2

In this case when the rightful owner of a handgun (the Father) does not claim the gun the PSP by their strict policy regulations are to have the hand gun escheated and sent off to be destroyed.   The PSP is not in business of buying and selling weapons.   There are individuals that are assigned to watch the destruction of all weapons.

Defendant Tripp's job was overseeing the evidence room/locker where the gun was.    Defendant Tripp as a custodial officer at PSP Troop F Montoursville and was in charge of evidence room/locker.  Defendant Tripp took the gun out of evidence to a local gun shop, abused his power/authority, committed a crime (straw purchase of a hand gun while in uniform), and violated the law and PSP rules and strict policy regulations.

The Father called in a complaint on Defendant Tripp to PSP Troop F Montoursville.  However, Bureau of Responsibility Background Investigations (BPR's) will handle minor complaints such as the police officer was rude or used profanity would be investigated by the troop of origin.

However, when investigations that is as serious as this criminal offense with the gun incident would normally be handled by Internal Affairs as it could result in being fired.


Sadly, this was not the case with this serious incident and the investigator that was assigned to conduct the investigation and in contacting the victims; the Father and his son was from the same Troop.   Plaintiff points out to this court that Troop Headquarters in Harrisburg is approximately 1 hr 40 minutes away from Troop F, Montoursville.

There are many members from Troop F that have been disciplined.

A Commander at one point who worked directly under the command of the PSP Commissioner had previously worked as a supervisor at Troop F Montoursville in the criminal division. She has shared that of all the stations/troops she has worked throughout the Commonwealth that Troop F Montoursville was by far the worst as they do not follow the rules set by the PSP.

Plaintiff brings to the attention of this court in that the PSP Department Headquarters; Internal Affairs may have no knowledge of this investigation as it was hidden at troop level. The proof of this incident is well known by the individuals involved as he/they were interviewed at their home by an investigator from the same troop. In essence it appears that someone at the troop level was covering for Defendant Tripp or this investigation would have been produced to Plaintiff and her counsel.

Defendant Tripp has caused harm and has ruined reputations of good individuals and families for his own personal gain. He has abused his authority by not adhering to the rule of law or the PSP rules and regulations.

Recently in the news Corporal Brian Rickard was sentenced for stealing/using heroin on the job from the evidence room. He has been held accountable for his actions.

Defendant Tripp criminally solicited an innocent individual to sign off of hand gun, the son of a retired PSP 25 year sterling employee and the PSP did absolutely nothing and has withheld this information from the court.

More recent during this holiday season Plaintiff ran into this individual who had firsthand knowledge of other incidents that had occurred regarding Defendant Tripp.

The key factor is that these investigations on Defendant Tripp would have been long after 1998/1999. If in fact the PSP was able to produce Plaintiff's Employment Evaluations starting in 1998,1999,2000, 2001 that were commendable and outstanding (which refuted what the Defendants were telling everyone including potential employers) and her history starting in 1998 why didn't the PSP produce the disciplinary records/investigations on Defendant Tripp that was done in the mid 2000's since they were more recent? Furthermore, the Defendants never produced the background verification done on Plaintiff which was done in 2005 which was also requested by Plaintiff's counsel.

Defendant Tripp was a PSP Corporal who engaged in criminal conduct regarding the straw purchase of a firearm, while in uniform, on duty and knowing the violation to be both criminal and against the rules and regulations of the Pennsylvania State Police would also engage in other falsifications, including making false oral statements, forging false documents to support his lies, with holding his disciplinary records to include criminal from the court.

Defendant Tripp created a hostile work environment, abusing his rank over a subordinate with malicious statements and acts, and by engaging in gender based discrimination against a female subordinate who he merely dislikes. All of which has caused the Plaintiff to suffer great personal loss of her reputation personally, professionally and pecuniary loss as Plaintiff has been denied employment with the Commonwealth and other employers in a position she possesses the skills, knowledge and ability to perform in an outstanding and commendable manner as noted on the employee performance evaluations that were signed by the Defendants giving those ratings.

Plaintiff is respectfully asking this court to reopen said case as Defendant Tripp hid evidence that could have made a difference in this court's opinion of said

case due to the substantial material that was withheld from this court. This court had honed in and stated "he then followed protocol". He has lied to this court.

In history it is shown that this court is respected and does not condone any criminal acts thus another important reason Plaintiff is asking this court to reopen/review said case due to the PSP internal investigations that were done on Defendant Tripp that was never disclosed. Plaintiff at this point is uncertain that the PSP would even adhere to an order of this court. The PSP Defendants feel they are exempt from following rules of this court.

A good example of the PSP not wanting to disclose information:
In the local court in Williamsport; a trooper that retired from PSP and went to work for a local department was involved in an incident alleging misconduct. This incident led to a local President Judge affirming an order requiring the Commonwealth to hand over the officer's PSP disciplinary records to the defense.

The Commonwealth appealed the President Judge's order arguing that the trooper shouldn't have to disclose what effectively amounted to all of the disciplinary actions reports (DAR) and Notice of Disciplinary Penalties (NDP) throughout his career. The Judge disagreed and ordered the disclosure, pointing out that suppressing evidence requested by the accused that might be favorable to them violates due process. Plaintiff notes that this also shows that the PSP retains files.

RECENT
The PSP Human Resources and verification department has adopted Defendant Tripp's actions and in continuing to illegally discriminate against Plaintiff for

6

filing her 2006 and 2015 case as proven on November 10, 2022 when an employment verification was done on Plaintiff and the PSP Human Resource Assistant 2, PSP Records Coordinator, Public Safety Human Resource Delivery Center advised that Plaintiff never worked for the PSP. The PSP followed up with an email to ensure Plaintiff's name was spelled right. The employment verifier verified the spelling.   The PSP is illegally retaliating against Plaintiff for the filing of the law suit(s).

   This continued behavior by PSP shows this court that this is much worse than just negative references or 1st Amendment retaliation as this now erases a 17 year exemplary record and 17 years of experience which is all Plaintiff's experience.

   Plaintiff receives a small pension from the PSP and her name hasn't changed since 1999. Furthermore when the Defendants sent out Subpoenas that were in violation of Fed Civ Rule they included Plaintiff's date of birth and Social Security number.  All retirees until their passing receive the paper back booklet called the "PSP Communicator". The Communicator lists all birthdays, sick call, marriages, births, and arrests ecterea.   Plaintiff has to ask other retirees to see their Communicator as the PSP has also retaliated by not sending her a copy since the filing of her lawsuit.

   In the 2006 and 2015 case the Defendants argued that Plaintiff resigned and the Defendants provided misinformation about the true facts about Plaintiff both personally and professionally.  Now, in the current case the Defendants are stating that Plaintiff voluntarily retired.  However, on the employment verification done on November 10, 2022 the PSP is now advising that Plaintiff never worked for the PSP.  The PSP advised in 2008 that Plaintiff never worked for the PSP.  The PSP left this information on a recording for the individuals checking references.

The Defendants had Plaintiff's documents from the PSP Commissioner showing
that Plaintiff was in fact employed and did retire from the PSP **(SEE ATTACHED
pgs.       ).**

Plaintiff starting working for the PSP in 1985 when she was just 20 years old.
Plaintiff now 57 years of age is not employed and is forced to rely on her 15 year
companion. Plaintiff had always been an independent female until Defendants
ruined her life and career by arguing and misrepresenting the true facts about
Plaintiff.

The Defendants have changed course and are now arguing complete opposite of
what they had initially argued. This shows that the Defendants in fact
misrepresented the true facts about Plaintiff from the start.

Plaintiff had done a motion to reconsider opening the 2006 case. Plaintiff not
an attorney read the response of this court and understands the time frame.
However, Plaintiff did provide a substantial amount of evidence.

Plaintiff refers this court to her Motion to reopen the 2006 case
No.4:06-cv-1450 as there was substantial pages of evidence submitted for this
courts review which refutes the Defendants.

Over the years there have been many counsels on this case from the Attorney
General's Office which is quite confusing. Plaintiff is uncertain that this court has
been able to review everything that was in fact submitted to her. Hundreds of
pages were submitted.

The initial Attorney General, Allison Deibert was for whatever reason removed
from case. She was the record of counsel during discovery. She oversaw the



depositions as well.   Hundreds of pages were submitted.   Attorney General Allison Deibert was the Attorney General that sent out subpoena's that were in violation of Federal Civil Rule as they contained Plaintiff's date of birth and social security number.  Many witnesses contacted Plaintiff that is familiar with subpoenas.  It had also been mentioned that the witnesses' addresses were not supplied.  If they were not supplied the question would be how did they receive 2 subpoenas each?

When the Attorney General Howard Hopkirk was questioned on appeal the comments were made "that sometimes things get smeared a little" and that "we just don't want her to bootstrap all of this together".  The opposing counsel even conceded at one point.

With the Defendants and their misrepresentation of Plaintiff and now learning of the Defendants withholding investigations that were done on Defendant Tripp Plaintiff is respectfully asking this court to allow the case to be reopened and to proceed.

Plaintiff has shown this court  an exorbitant amount of factual evidence that the Pennsylvania State Police (PSP) Defendants have mislead their counsel (which led to misrepresentation), this court, EEOC (Equal Employment Opportunity Commission), potential employers, professional references and many other professionals including their own PSP department;  in not one but 2 cases.  The Defendants have provided false information about Plaintiff.

The PSP Defendants naming Defendant Tripp as the  ring leader who falsified/fabricated PSP government documents to support his lies and conspired with PSP Human Resources to prevent Plaintiff from being reinstated and hid his disciplinary records from this court.

Therefore, Plaintiff Under Federal Rule 60 (b) is respectfully asking this court to reopen said case based on the fact that this court placed a great deal of weight on the truthfulness of Defendant Tripp in following protocol and the PSP. There is Substantial material including a criminal investigation that Defendant Tripp was involved and he and the PSP did not disclose it. This would undermine his credibility.

Plaintiff is respectfully asking this Honorable Court/Justice System to intervene as the PSP Defendants obviously feel they are exempt from following the courts rules and have acted lawlessly from adhering to this courts rule. Plaintiff and her counsel were denied due process due to the PSP Defendants withholding evidence that could in fact have changed the outcome of this case. Furthermore, the PSP Defendants are continuing to illegally discriminate and retaliate against Plaintiff in the same manner as noted on November 10, 2022. Plaintiff has suffered greatly.

Respectfully Submitted,

January 5th, 2023

## CERTIFICATE OF SERVICE

I, Kelly Conard, certify that I am serving the Defendants through their Counsel, by first-class mail, address as follows:

Office of Attorney General
Senior Deputy Attorney General
Howard Hopkirk
Civil Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120

Kelly Conard
338 Duke Street
Williamsport, PA  17701
iopkelly@aol.com
843-471-7968

Dated: January 5, 2023

14